```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                     **CRIMINAL NO. 2:18-00053**

**GEORGE E. BROCKMAN, II**

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's motion to reduce his sentence based upon a reduction in the applicable sentencing guideline. <u>See</u> ECF No. 23. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The BOP's Inmate Locater indicates that Brockman was released from custody on February 27, 2024 (the same day his motion was filed). Therefore, his motion is **DENIED** as moot.

In any event, Brockman was not eligible for a sentence reduction pursuant to Amendment 821 because he did not receive status points nor is he a zero-point offender. The United States Probation Office reviewed Brockman's file to see if he was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated February 29, 2024, determined that he was not. See ECF No. 24 (SEALED).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, and the United States Probation Office.

**IT IS SO ORDERED** this 28th day of January, 2025.

ENTER:

David A. Faber
Senior United States District Judge